| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

JAMES J. FLANAGAN SHIPPING § 
CORPORATION and §
P.C. PFEIFFER & COMPANY, INC., §
§
    Plaintiffs, §
§
*versus* §    CIVIL ACTION NO. 1:20-CV-191
§
PORT OF BEAUMONT OF JEFFERSON §
COUNTY, TEXAS, and DAVID C. FISHER §
in his Official Capacity as Port Director and §
Chief Executive Officer, §
§
    Defendants. §

## MEMORANDUM AND ORDER

Pending before the court are Defendants Port of Beaumont of Jefferson County, Texas (the "Port of Beaumont"), and David C. Fisher in his Official Capacity as Port Director and Chief Executive Officer's (collectively, "Defendants") Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (#22) and Plaintiffs James J. Flanagan Shipping Corporation and P.C. Pfeiffer & Company, Inc.'s (collectively, "Plaintiffs") response in opposition (#24).

The court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *E.E.O.C. v. Lawler Foods, Inc.*, 128 F. Supp. 3d 972, 974 (S.D. Tex. 2015) (noting that Federal Rule of Civil Procedure 26 affords trial courts ample authority to control the sequence and timing of discovery). "The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," such as granting a stay of discovery. *See* FED. R. CIV. P.

26(c)(1); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir.), *cert. denied*, 498 U.S. 895 (1990). Good cause has been found when resolving a motion to dismiss might reduce or preclude the need for discovery or when "further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita*, 416 F. App'x at 402; *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (citing *Landry*, 901 F.2d at 436). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." 9A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040 (3d ed. 2008). Other factors courts have considered include: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the motion seeking a stay." *Von Drake*, 2004 WL 1144142, at *1. As noted by other courts, "a stay is the exception rather than the rule," and, "[h]ad the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Yeti Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016); *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-CV-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015); *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008).

Defendants contend that their pending motion sets forth compelling legal arguments to dismiss all of Plaintiffs' claims as a matter of law and no discovery is necessary to dispose of the motion. According to Defendants, proceeding with discovery on all of the claims alleged in the complaint would impose a significant burden on the Port of Beaumont, which receives funding from property taxes and federal grants, and, ultimately, taxpayers, and would interfere with the

Port of Beaumont's operations. Defendants also maintain that Plaintiffs would not suffer any harm if discovery is stayed. As noted by Plaintiffs, unless the court dismisses all of their claims, a stay of discovery is unlikely to improve efficiency with respect to the volume or focus of discovery. Under the circumstances, the court is not persuaded that there is good cause to stay discovery in this case. Accordingly, Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (#22) is DENIED.

SIGNED at Beaumont, Texas, this 29th day of July, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE